# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JOE AITRO and ANNETTE AITRO, )
)
    Plaintiffs, )
)
v. )
) No. 06-3144-CV-S-FJG
HENRY CLAPPER et al., )
)
    Defendants. )

## ORDER

Pending before the Court are (1) plaintiffs' Motion for Change of Venue (Doc. No. 2); (2) plaintiff Joe Aitro's Motion for Criminal Investigation (Doc. No. 3); (3) Defendant Clapper's Motion to Dismiss Plaintiffs' Complaint (Doc. No. 4); (4) plaintiffs' Motion to Dismiss Case and Award Damages to Plainitiffs [sic] (Doc. No. 8); (5) plaintiff Joe Aitro's Motion to Dismiss Change of Venue (Doc. No. 10); (6) plaintiff Joe Aitro's Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service (Doc. No. 11); and (7) plaintiff Joe Aitro's Motion to Avoid This Case from Going to the Appeals Court (Doc. No. 13).  Each will be considered below.

**I.    Plaintiffs' Motion for Change of Venue (Doc. No. 2), and Plaintiff Joe Aitro's Motion to Dismiss Change of Venue (Doc. No. 10)**

Plaintiffs have moved to change the venue of this case to the "United States District Court of the 8th Circuit Court in Minneapolis, Mn." because they believe that, as a previous case filed by Joe Aitro was dismissed by one of the judges of this Court,[1] "[t]here is no way

---

[1] The Honorable Richard E. Dorr, who presided over Case No. 05-3120-CV-S-RED.

can the plaintiffs have a fair trial under the United States Constitution when the foxes are guarding the hen house."

However, after the filing of the motion for change of venue, plaintiff Joe Aitro has filed a motion to dismiss change of venue (Doc. No. 10), wherein plaintiff Joe Aitro asserts that plaintiffs wish to "withdraw change of venue." Accordingly, the Court **GRANTS** plaintiff's motion to withdraw (Doc. No. 10), and plaintiffs' previously-filed motion for change of venue (Doc. No. 2) is **WITHDRAWN.**[2]

## II.     Plaintiff Joe Aitro's Motion for Criminal Investigation (Doc. No. 3)

Plaintiff Joe Aitro moves for a federal criminal investigation into the dealings of his former counsel, Henry Clapper, for "criminal acts of fraud, misconduct, committing the act of cheat and corruptly and also, who threatened this man to pervert the course of Justice in the case of 02-3101JTM that was in this Court." Plaintiff further requests a federal investigation into the "rest of the defendants", including Judge Mutton, George Nichols, Judge Bickel, Kristen Baird, Tamara DeWild, Douglas Harpool, David Johnston, Jay Nixon, and Judge Dorr. Plaintiff has provided no evidence (other than his unsupported assertions and opinions) regarding these allegations. The Court is aware of no authority under which it could order a criminal investigation under the circumstances present in this matter. Accordingly, plaintiff's motion for criminal investigation (Doc. No. 3) is **DENIED.**

---

[2]Furthermore, the Court notes that plaintiffs' motion for change of venue to Minnesota would have been **DENIED** had the Court reached that issue on the merits. Plaintiffs have provided no evidence that this Court cannot fairly resolve the issues presented to it, and Minnesota has no connection to the events alleged in plaintiffs' complaint. Furthermore, the Court notes that, for the parties' future reference, both Joe and Annette Aitro must sign all documents, as neither Joe nor Annette Aitro appear to be attorneys, and a non-attorney cannot represent the interests of another person in court.

**III. Plaintiffs' Motion to Dismiss Case and Award Damages (Doc. No. 8), and Plaintiff's Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service (Doc. No. 12)**

Plaintiffs have filed what they have captioned a "Motion to Dismiss."[3] However, it is apparent that plaintiffs are actually seeking default judgment against defendants for failure to answer the complaint. See Federal Rules of Civil Procedure, Rule 55. Plaintiffs assert that the "defendants failed to respond within the 20 days from being served according to the rules of the federal court." Plaintiffs seek an award of damages, including punitive damages. Plaintiff appears to have sent the various defendants a copy of the complaint through certified mail. See Doc. No. 6.

Defendants Lathrop & Gage L.C., Tamara F. DeWild, and Douglas Harpool, have all entered a special appearance to contest plaintiffs' claims of valid service. Defendants note that plaintiffs do not appear to have requested the issuance of summons from the clerk's office. See generally Docket entries from Case No. 06-3144-CV-S-FJG. Summons must be issued and served with the complaint, and service may be effected by any person who is not a party and who is at least 18 years of age. Fed. R. Civ. P. 4(c)(1) and (2). Defendants further note that according to Federal Rule of Civil Procedure 4(e), service upon an individual may be effected (1) pursuant to the laws of the state in which the district court is located, or (2) by delivering a copy of the summons and complaint to the individual personally, by leaving it at that person's dwelling house with someone of suitable age, or by delivering it to an agent authorized by appointment of law to receive service of process. Missouri Rule of Civil Procedure 54.13(b)(1) provides that service of process upon an

---

[3]Notably, neither plaintiff signed this motion.

3

Case 6:06-cv-03144-FJG   Document 14   Filed 07/26/06   Page 3 of 6

individual is effected the same way as prescribed in the federal rules. Defendants <u>correctly</u> note that service by certified mail is not proper under the rules for serving individuals. Further, it is also apparent that plaintiff has not followed the Federal Rules with respect to serving corporations or associations (such as Lathrop & Gage L.C.). <u>See</u> Fed. R. Civ. P. 4(h).

In response to defendants' challenges to service of process, plaintiff Joe Aitro filed a "Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service." (Doc. No. 11.) Plaintiff apparently believes that he has properly effectuated service, presumably pursuant to Rule 5 of the Federal Rules of Civil Procedure. However, Rule 5 applies only to pleadings filed <u>subsequent</u> to the original complaint. Plaintiffs must abide by the above-cited provisions of Rule 4 of the Federal Rules of Civil Procedure in order to properly serve the defendants.

Therefore, for the foregoing reasons, Plaintiffs' Motion to Dismiss Case and Award Damages (Doc. No. 8) is **DENIED**, and Plaintiff's Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service (Doc. No. 11) is **DENIED.** Plaintiffs are cautioned that the time limit for effectuating service of the complaint is rapidly approaching,[4] and within that deadline plaintiffs must either (1) accomplish service, or (2) file a motion for extension of time to serve the complaint.[5]

---

[4] Plaintiffs' service deadline is August 3, 2006 (<u>see</u> Federal Rule of Civil Procedure 4(m), which provides that service must be made within 120 days after the filing of the complaint).

[5] Plaintiffs are further cautioned that a motion for extension of time will not automatically be granted. <u>See</u> Fed. R. Civ. P. 4(m).

4

**IV.    Plaintiff Joe Aitro's Motion to Avoid this Case from Going to the Appeals Court (Doc. No. 13)**

The Court has reviewed plaintiff Joe Aitro's motion to avoid this case from going to the appeals court (Doc. No. 13), and finds that it states no grounds upon which any relief can be granted. There is nothing in this case that could be appealed at this stage of the litigation. Therefore, plaintiff's motion (Doc. No. 13) is **DENIED.**

**V.    Defendant Clapper's Motion to Dismiss Plaintiffs' Complaint (Petition) (Doc. No. 4)**

Defendant Clapper moves to dismiss plaintiffs' Petition/Complaint because (1) it fails to comply with Rule 11(a); and (2) it fails to state a cause of action. In particular, defendant Clapper notes that all parties not represented by an attorney are required by Rule 11(a) to sign "every pleading, motion and other paper" filed in this Court.[6] Further, defendant Clapper argues that plaintiffs have not properly pled the elements of legal malpractice in their Complaint. Plaintiffs have failed to timely respond to defendant Clapper's motion to dismiss, and have not sought an extension of time to respond.[7]

As plaintiffs have failed to timely respond to defendant Clapper's motion to dismiss, plaintiffs are **ORDERED** to show cause in writing on or before **August 21, 2006,** why defendant Clapper's motion to dismiss (Doc. No. 4) should not be **GRANTED.** Plaintiffs are cautioned that failure to respond to this Order may result in dismissal with prejudice of this action against defendant Clapper without further notice to plaintiffs.

---

[6] In particular, the Court notes that plaintiff Annette Aitro has not signed the Complaint.

[7] Defendant Clapper's Motion to Dismiss was filed on May 4, 2006. Plaintiffs' suggestions in opposition were due on May 19, 2006.

**VI.    Conclusion**

Therefore, for the foregoing reasons:

(1)    Plaintiffs' Motion for Change of Venue (Doc. No. 2) is **WITHDRAWN**;

(2)    Plaintiff Joe Aitro's Motion for Criminal Investigation (Doc. No. 3) is **DENIED**;

(3)    Plaintiffs are ordered to show cause in writing on or before **August 21, 2006**, why defendant Clapper's Motion to Dismiss Plaintiffs' Complaint (Doc. No. 4) should not be granted;

(4)    Plaintiffs' Motion to Dismiss Case and Award Damages to Plainitiffs [sic] (Doc. No. 8) is **DENIED**;

(5)    Plaintiff's Motion to Dismiss Change of Venue (Doc. No. 10) is **GRANTED**;

(6)    Plaintiff's Motion to Put an End to the Stupidity of the Defendants Crying to the Court of Illegal Process of Service (Doc. No. 11) is **DENIED**; and

(7)    Plaintiff's Motion to Avoid This Case from Going to the Appeals Court (Doc. No. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular mail to plaintiffs at the following address:

   Joe and Annette Aitro
   P. O. Box 326
   Webb City, MO 64870

**IT IS SO ORDERED.**

                                          **/S/ FERNANDO J. GAITAN, JR.**
                                          Fernando J. Gaitan, Jr.
                                          United States District Judge

Dated:   July 26, 2006
Kansas City, Missouri

6